UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| KEVIN PARSONS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CV-225 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EDWARD TESTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) for consideration

of Plaintiff's Application To Proceed *In Forma Pauperis* [Doc. 2] and all issues connected thereto.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access

to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85(1948);

*Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). To that end, the statute allows a

litigant to commence a civil or criminal action in federal court without paying the administrative

costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992). The Court's

review of an *in forma pauperis* application is normally based solely on the affidavit of indigence.

*See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement,

which must be met in order to proceed *in forma pauperis*, is that the petitioner show, by affidavit,

the inability to pay court fees and costs. 28 U.S.C. § 1915(a).  At the same time, one need not be

absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, *supra*. An

affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of

poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339,

69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application indicates that Plaintiff owns real estate valued at $280,000.00, personal property of miscellaneous yard equipment and vehicles valued at $5,100.00, miscellaneous office equipment valued at $1,400.00 collectively, a 2001 Chevrolet 3500 valued at $4,400.00, as well as two other vehicles valued at $1,400.00 collectively. It also indicates that he receives a net wage of $1,440.00 per month, $400.00 per month as a part time retail vendor, and $200.00 per month paid quarterly in Mayor Compensation. The application further indicates that Plaintiff's wife also mmakes $1,400.00 per month in salary. At the same time, it appears that petitioner's liabilities exceed his assets, and his monthly obligations slightly exceed the income of he and his wife combined. Despite the fact that petitioner may have placed himself in a financially untenable position, it is not one that in any way evidences poverty.

Based on Plaintiff's short-form affidavit, the Court finds that Plaintiff has sufficient funds to afford payment of the costs and if he doesn't, it is not as a result of poverty. Accordingly, **RECOMMENDS** that Plaintiff's Application to Proceed Without Prepayment of Fees [Doc. 2] be **DENIED**.[1]

Respectfully Submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).